UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin Hall

    v.                              Civil No. 08-cv-494-PB

Steven Markiewicz, Esq.

**REPORT AND RECOMMENDATION**

Before the Court is Kevin Hall's damages action (document no. 1), alleging that defendant, Steven Markiewicz, a court-appointed guardian ad litem ("GAL"), violated Hall's rights. As Hall is a prisoner, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A).

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.

See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On March 4, 2007, Kevin Hall's mother died while Hall was incarcerated. Hall's stepfather, Douglas Ross, became the administrator of Hall's mother's estate, and hired Attorney Howard Lane to assist him in executing the duties attendant to that position. Hall alleges that Lane and Ross filed documents

in the Cheshire County Probate Court ("CCPC") which were false and fraudulently represented Mrs. Ross' estate to be worth significantly less than Hall asserts it was actually worth. In doing so, Hall alleges, they were attempting to deprive him of his property interest in his mother's estate. After a December 2007 phone conference with the CCPC, involving Hall, Ross, and Lane, the CCPC appointed Steven Markiewicz as a GAL for Hall due to Hall's mental illness. Hall claims that Markiewicz refused to assist him and ignored multiple requests from Hall to obtain documents Hall claims the CCPC had ordered Lane and Ross to produce. Markiewicz, in his capacity as Hall's GAL, issued a report to the probate court which the court accepted, over Hall's objection. Hall states that the CCPC ruled that "no further action" was required on Hall's claims there due to the content of the report. Hall claims that Markiewicz failed to adequately represent his interests in the CCPC because he was Ross' neighbor, and therefore conspired with Ross and Hall to deprive Hall of his interest in his mother's estate.

Discussion

I. Quasi-Judicial Immunity

A government official may be held personally liable under 42 U.S.C. § 1983 if, acting under color of state law, the official caused the deprivation of a federal constitutional or statutory right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985).[1] Hall claims that defendant, as a court-appointed GAL, acted under color of state law and violated Hall's constitutional rights. Accordingly, Hall's federal civil rights claim arises under § 1983.

A GAL, by virtue of being appointed by a judge and acting in the service of the court, acts as a government official when performing those duties delegated to the GAL by the court. See Marr v. Me. Dep't of Human Servs., 215 F. Supp. 2d 261, 267-68 (D. Me. 2002). Government officials performing judicial,

---

[1] 42 U.S.C. § 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

4

legislative, or prosecutorial functions have been afforded absolute immunity, which applies "however erroneous the act or injurious its consequences." Id. at 267 (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). "Absolute judicial immunity attaches when a GAL performs certain delegated duties because of the intimate relationship between the GAL and the court in the judicial process." Marr, 215 F. Supp. 2d at 268 (citing Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001)). A GAL is afforded "quasi-judicial" immunity, a form of absolute immunity, for acts "closely associated with the judicial process." Marr, 215 F. Supp. 2d at 268 (quoting Cleavinger, 474 U.S. at 200); see Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989) (GAL performing actions to aid court and at the direction of the court that are quasi-judicial, in that they are 'closely associated with the judicial process,' entitled to absolute immunity). The GAL's preparation of a report to assist, and at the behest of, the appointing court has been found to be "intimately related to the judicial process." Cok, 876 F.2d at 3; see Marr, 215 F. Supp. 2d at 268-69. While a GAL acting outside the scope of his duties would not be entitled to absolute immunity, see Cok, 876 F.2d at 3, there is no indication here

that Markiewicz did anything except write a report and recommendation to the CCPC, after being appointed by that court to do so.  Accordingly, I find that Markiewicz's actions fell within the quasi-judicial function of his appointment and entitle him to absolute immunity from suit.  I recommend dismissal of this action on that basis.

II.  State Law Claims

By alleging that he is a citizen of the State of New York and that his damages exceed $75,000, I presume that Hall is attempting to bring state law claims here, pursuant to the diversity jurisdiction of this Court.  See 28 U.S.C. § 1332 (establishing the jurisdiction of the federal district courts over actions based on state law where the parties are of diverse citizenship and the amount in controversy exceeds $75,000).  Hall alleges that defendant is a citizen of New Hampshire, while he is a citizen of New York, and that the amount in controversy exceeds $75,000.

Hall alleges that he is a citizen of New York by virtue of his present incarceration in a New York prison. "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." Smith v. Cummings, 445 F.3d 1254,

1259 (10th Cir. 2006) (citing <u>Crowley v. Glaze</u>, 710 F.2d 676, 678 (10th Cir. 1983)). "Because domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." <u>Smith</u>, 445 F.3d at 1260. Here, the record suggests that Hall was a citizen of New Hampshire prior to his incarceration in New York, therefore, he is presumed to be a citizen of New Hampshire for purposes of establishing domicile. "The presumption, however, is rebuttable." <u>Id.</u> If, for example, a prisoner intends to live in another state upon release and is assigned to a prison in that state, his domicile may become that state. <u>See</u> <u>id.</u> Factors to be considered in determining domicile include the prisoner's declaration of his intentions and the manner in which he has ordered his personal and business transactions and any other factors that are relevant to the corroboration of his statements. <u>Id.</u> Hall has neither alleged that he intends to live in New York after he is released nor identified any factors indicating or supporting such an intent. Consequently, he is presumed to be a resident of New Hampshire, the state in which he was incarcerated before the New

Hampshire Department of Corrections occasioned his transfer to New York prison.

As the parties in this action are both New Hampshire residents, they are nondiverse. Hall has therefore failed to plead diversity jurisdiction under 28 U.S.C. § 1332, and I recommend that any state law claim he intended to bring, relying on the existence of diversity jurisdiction, be dismissed.

## Conclusion

For the foregoing reasons, I recommend that this action be dismissed in its entirety, as Hall has failed to state any claim upon which relief might be granted. See LR 4.3(d)(2)(A). Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   April 27, 2009

cc:     Kevin Hall, pro se